DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Torrence Wright appeals from a sexual predator adjudication in the Summit County Court of Common Pleas. This Court affirms.
On October 21, 1987, Wright was indicted by the Summit County Grand Jury on one count of gross sexual imposition in violation of former R.C. 2907.05(A)(3),[1] a felony of the third degree. The indictment included one specification for a prior crime of violence. Wright initially pleaded not guilty to the charge, but changed his plea to guilty in December 1987 following amendment of the indictment to reflect a fourth degree felony charge of gross sexual imposition and the dismissal of the specification. The trial court sentenced Wright to six months imprisonment, to be served consecutive to an unrelated incarceration imposed on Wright for violation of his parole.
Thereafter, in November 1997, the trial court conducted a sexual predator hearing pursuant to R.C. Chapter 2950. Prior to and again at the two-day hearing, Wright moved to dismiss. The motion was denied, and on January 15, 1998, the trial court journalized an entry finding that Wright is a sexual predator. Wright timely appeals from this adjudication, raising three assignments of error.
 Assignment of Error No. I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE MOTION TO DISMISS THE STATE'S REQUEST THAT DEFENDANT BE DESIGNATED A SEXUAL PREDATOR BECAUSE THE APPLICABLE SECTIONS OF THE OHIO REVISED CODE ARE UNCONSTITUTIONAL, IN VIOLATION OF DEFENDANT'S RIGHTS AS GUARANTEED TO HIM BY THE FIRST, FIFTH, SIXTH, SEVENTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
In connection with his first assignment of error, Wright attempts to raise numerous constitutional arguments that this Court has already considered and rejected. Wright, however, fails to identify or argue any of these constitutional grounds in his appellate brief; instead, Wright attempts to raise these arguments by incorporation through reference to his motion to dismiss in the trial court. Such action is improper, and this Court need not address Wright's arguments because he has failed to argue them in accordance with App.R. 16(A)(7). See App.R. 12(A)(2).
In the interest of justice, however, this Court notes that R.C. Chapter 2950 does not violate the constitutional protections of the right to privacy, equal protection, or due process. Statev. Burke (Apr. 28, 1999), Lorain App. No. 97CA006781, unreported. Nor does R.C. Chapter 2950 violate the constitutional prohibitions against double jeopardy, cruel and unusual punishment, and ex postfacto laws. State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported. This Court has also held that a defendant's constitutional right to a trial by jury does not apply in a sexual predator proceeding such as this. State v. Perine
(Apr. 14, 1999), Lorain App. No. 97CA006799, unreported. Additionally, Wright argued in his motion to dismiss that he was deprived of his right to effective assistance of counsel because he was not advised of the R.C. Chapter 2950 "punishment" he would incur when he was originally sentenced for gross sexual imposition. This Court has previously held that the registration and notification provisions of R.C. Chapter 2950 do not constitute criminal punishment. State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported. Further, it is axiomatic that counsel cannot be regarded as ineffective for failure to possess the precognition to inform a defendant of statutes that had not even been enacted at the time of sentencing and would not be enacted for almost another ten years.
Wright's first assignment of error is without merit.
 Assignment of Error No. II THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING THE PRELIMINARY HEARING TRANSCRIPT FROM 1987 TO BE ADMITTED INTO EVIDENCE FOR PURPOSES OF THE HEARING UPON THE STATE'S REQUEST TO HAVE DEFENDANT-APPELLANT DESIGNATED AS A SEXUAL PREDATOR.
In his second assignment of error, Wright contends that the trial court erred in allowing the admission into evidence of a transcript of a preliminary hearing held on September 28, 1987, because the transcript constituted hearsay. However, the Supreme Court of Ohio has stated that "[a] sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply."State v. Cook (1998), 83 Ohio St.3d 404, 425, citing Evid.R. 101(C). See, also, State v. Bergman (Mar. 31, 1999), Lorain App. No. 97CA006759, unreported; State v. Steckman (Feb. 9, 1999), Lorain App. No. 97CA006996, unreported. The Supreme Court of Ohio also held that "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge."Cook, supra, at 425. This is because "[r]eliable hearsay bears an indication that its truth is reasonably probable." State v.Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, citing Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571.
Accordingly, this Court will not hold that the trial court erred in relying upon the hearing transcript in the instant case because, just as the transcript at issue in Baughman, the transcript herein "bears indications that its truth is reasonably probable because the testimony [contained therein] was given under oath and subject to cross-examination by an adverse party."Baughman, supra (noting that "[t]he trial court could evaluate the probability of the truth of [the witness's] testimony by referring to the transcript containing the cross-examination of [the] testimony."). See, also, State v. Leftridge (Apr. 1, 1999), Cuyahoga App. No. 73029, unreported (approving the admission of a trial transcript because the defendant had had the opportunity to cross-examine adverse witnesses at trial).
Wright's second assignment of error is not well taken.
 Assignment of Error No. III THE TRIAL COURT'S FINDING THAT DEFENDANT IS A SEXUAL PREDATOR WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AS REQUIRED BY [R.C.] 2950.09(C)(2), AND MUST THEREFORE BE REVERSED.
In his final assignment of error, Wright argues that there was no showing by the state that Wright is likely to engage in the future in one or more sexually oriented offenses. This Court disagrees.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(C)(2) provides that in order for a trial court to find a defendant such as Wright to be a sexual predator, the court must conduct a hearing in which both the state and the defendant are given the opportunity to present evidence. In making a sexual predator determination, the trial court must consider all relevant factors, including but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Upon consideration of these and other relevant factors, the trial court shall determine whether an individual is a sexual predator based upon clear and convincing evidence. R.C.2950.09(C)(2). This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported. The clear and convincing standard requires more than a preponderance of the evidence, but does not rise to the level of proving a proposition beyond a reasonable doubt. Id.
In the instant case, although the state did not satisfy each of the statutory factors to be considered pursuant to R.C.2950.09(B)(2), it was not required to do so; rather, the state merely had to prove by clear and convincing evidence that Wright was likely to commit one or more sexually oriented offenses in the future. See State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported ("The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to defendant in order to conclude defendant is a sexual predator.").
The evidence received by the trial court indicated that Wright had pleaded guilty to engaging in reprehensible sexual conduct with a twelve-year-old victim. The preliminary hearing transcript reveals that the following testimony had been given prior to the finding of probable cause and Wright's being bound over to the grand jury. The victim testified that she had been visiting at her cousin's residence. While she was there, Wright also visited the house and requested that the victim's cousin allow him to watch a pornographic film. The victim's cousin then went outside.
Once alone with the victim, who was trying to sleep, Wright began to watch the film and after a short time he told the victim that he was "getting hard." The victim testified that Wright then went across the room, stood in front of the victim, and began to rub his genitalia through his clothing. Wright also began to touch the victim on her thighs and chest, telling her that she was "cool." The victim testified that she told Wright to stop and went outside in search of her cousin.
The victim testified that she was unable to find her cousin and that she came back inside the residence and sat back down on the couch. Wright once again came over to the victim and again proceeded to fondle her before she moved to another couch away from him. Wright followed and began to fondle the victim again, asking her if he could "stick her," but she refused and moved back to the other couch. Wright then locked the door leading outside. At that point the victim went upstairs. Wright followed and asked the victim to walk with him. When asked why, Wright told the victim that it was so he could give her "something to eat." The victim testified that she refused and left the house alone. After returning to the house a short time later, the victim told her cousin what had happened and the authorities were contacted.
This Court has recognized that in the context of a sexual predator determination the tender age of the victim is inherently indicative of a strong likelihood to reoffend:
 "[There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
(Citations omitted.) State v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported, quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (affirming a finding of likelihood to reoffend based in part upon a single conviction involving a four-year-old victim). Of further considerable importance are the facts that Wright's actions appeared to have been the result of planning in that he used the video to become aroused prior to approaching the victim and that Wright acted improperly toward the victim not just once, but twice. Although Wright was only charged with a single count of gross sexual imposition, his conduct occurred at two distinct periods of time separated by the victim's attempt to seek out other company, thereby demonstrating Wright's willingness to proceed with satisfaction of his desires despite having had ample time for reconsideration. There is also the implicit possibility, if not a probability given Wright's pattern of behavior, that his attempt to have the victim accompany him with the promise of "something to eat" would have resulted in a third occurrence of improper conduct. Given the disturbing testimony contained in the transcript before the trial court detailing Wright's persistent deviant behavior toward a child of only twelve years of age behavior which he resumed at the first opportunity after the victim had initially indicated her refusal and had demonstrated a desire to be away from Wright — this Court is convinced that there was ample evidence presented to the trial court to produce a firm belief or conviction that Wright is likely to commit one or more future sexually oriented offenses and that he should be adjudicated a sexual predator.
Wright's three assignments of error are overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR
[1] This section is now R.C. 2907.05(A)(4).